CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 31 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CLAUDINE NIGRO, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 5:09-cv-00064<br>)<br>) |
| VIRGINIA COMMONWEALTH UNIVERSITY<br>MEDICAL COLLEGE OF VIRGINIA, *et al.*, | ) **MEMORANDUM OPINION**<br>)<br>) |
| Defendants. | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge<br>) |

This case is currently before the court on the defendants' bills of costs. For the reasons stated below, the court will grant each of the defendants' requests in part.

I. **Factual and Procedural Background**

The plaintiff, Claudine Nigro ("Nigro" or "plaintiff"), originally filed a complaint against the defendants on August 3, 2009, alleging a myriad of state and federal claims, including allegations of gender discrimination and retaliation under Title VII of the Civil Rights Act. This court granted in part and denied in part the defendants' motions to dismiss, and ultimately issued a final order granting the defendants' motions for summary judgment. The defendants then each filed separate bills of costs under Federal Rule of Civil Procedure 54 for expenses incurred during preparation for trial. Valley Health System ("Valley Health") filed its bill of costs on December 2, 2010, seeking $10,238.80. Virginia Commonwealth University Medical College of Virginia ("VCU") filed its bill of costs on December 7, 2010, seeking $3,885.42. The plaintiff then appealed the case to the United States Court of Appeals for the Fourth Circuit, which

affirmed this court's grant of summary judgment. The bills of costs are now ripe for adjudication.

The plaintiff filed objections to the defendants' bills of costs, arguing that certain expenses cannot properly be charged against her. With respect to Valley Health's bill of costs, the plaintiff objects to $734.60 in fees for obtaining the deposition transcript of Ryan Dotson, $477.70 in costs for expedited delivery of two deposition transcripts, and $493.00 in costs for what the plaintiff claims are duplicative service fee charges. The plaintiff does not object to Valley Health's claims for the remaining $8,533.90 sought in its bill of costs. Regarding VCU's requested expenses, the plaintiff objects to an $858.75 fee for the deposition of Michael Gorman, as well as $110.32 in ECF/Pacer registration and copy costs. The plaintiff does not object to the remaining $2,916.35 sought in VCU's bill of costs.

## II. Discussion

"Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1)." Teague v. Bakker, 35 F.3d 978, 995 (4th Cir. 1994). Rule 54(d)(1) provides, in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." Teague, 35 F.3d at 996 (citing Constantino v. Am. S/T Achilles, 580 F.2d 121, 123 (4th Cir. 1978)). Indeed, "the rule gives rise to a presumption in favor of an award of costs to the prevailing party." Id. (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)).

Section 1920 of Title 28 of the United States Code enumerates the types of costs taxable under Rule 54(d), and includes "[f]ees of the clerk and marshal; . . . [f]ees for printed or

2

electronically recorded transcripts necessarily obtained for use in the case; . . . [and] [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . ."

Costs for deposition transcripts "necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920(2). In cases that never make it to trial, costs for obtaining deposition transcripts are taxable when "reasonably necessary for preparation for trial." LaVay Corp v. Dominion Federal Savings & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987), cert denied, 484 U.S. 1065 (1988). In such cases, the Fourth Circuit has held that each deposition's necessity is determined at the time it was taken. See id.

In her objections to the defendants' bills of costs, the plaintiff argues that the depositions of Ryan Dotson (the plaintiff's husband) and Michael Gorman were not necessary to the defendants' preparation for trial. With respect to Mr. Dotson, Ms. Nigro argues that Valley Health did not use any of Mr. Dotson's testimony in its motion for summary judgment, and that it was obtained solely for discovery purposes outside the bounds of necessary trial preparation. Valley Health responds by noting the importance of Mr. Dotson's testimony with respect to portions of the damages claimed by the plaintiff. Indeed, each of the justifications offered by Valley Health for why it was necessary to depose Mr. Dotson concerns the issue of damages, either in the form of the plaintiff's alleged direct losses, or her duty to mitigate any economic losses she sustained. Mr. Dotson's deposition was taken on September 16, 2010, and the dispositive motions deadline was September 30, 2010. If needed, trial was scheduled to begin in December of that year. The issue of damages was not relevant to Valley Health's summary judgment motion, and would only arise, if at all, after a trial verdict in favor of the plaintiff. As a

3

result, the court concludes Mr. Dotson's deposition was not necessary for Valley Health's trial preparation and, thus, will reduce Valley Health's bill of costs in the amount of $734.60.

Concerning VCU's claim for the cost of obtaining a transcript of Mr. Gorman's deposition, the court finds this a necessary expense appropriately taxable under § 1920(2). Mr. Gorman was the plaintiff's first noticed deposition witness and was her chief male "comparator" witness, used to establish her case of gender-based discrimination. In its opinion denying the defendants' motions to dismiss, the court mentioned the existence of a similarly situated male resident who was not terminated, a reference to Mr. Gorman. Ms. Nigro also quoted Mr. Gorman extensively in her own deposition. In light of this, VCU could not have been expected to ignore Mr. Gorman's role as the plaintiff's chief comparator witness, and the cost for his deposition can be taxed against Ms. Nigro.

The plaintiff also objects to $477.70 in costs claimed by Valley Health for the expedited delivery of deposition transcripts of Dr. Kasirsky and Dr. Schiavone. "Courts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service." Ford v. Zalco Realty, Inc., 708 F. Supp.2d 558, 562 (E.D. Va. 2010) (citing Ferris v. AAF-McQuay, Inc., 2008 WL 495656, at *1 (W.D. Va. Feb 21, 2008)). The plaintiff deposed these individuals on September 15 and 16 2010, roughly two weeks before the dispositive motion deadline, set for the end of the month, and Valley Health and VCU cited both depositions in their motions for summary judgment. In light of the time constraints involved, the expedited service appears necessary. As a result, the plaintiff's objections to these costs will be overruled.

The plaintiff's final objection to Valley Health's bill of costs is to certain subpoena duces tecum service fees. She argues that a number of the service fees were duplicative, and that the

4

defendant has not provided adequate documentation of the need for multiple services. In its response to the plaintiff's objections, Valley Health details each of the challenged fees, and offers convincing justifications for both the necessity of the documents requested and the reasons why multiple service attempts were required to obtain them. As a result, the court will overrule the plaintiff's objection to the $493.00 in fees.

Finally, the plaintiff objects to VCU's request for $110.32 in ECF/Pacer registration and copy costs. Under § 1920(4), "fees for exemplification and copies of papers necessarily obtained for use in the case" are taxable. This does not, however, include copies made merely for the convenience of counsel. Firehouse Restaurant Group, Inc. v. Scurmont LLC, 2011 WL 493889, at *18 (D.S.C. Oct. 17, 2011). Here, VCU contends that copies were necessary in order to provide the documents to representatives from the Attorney General's office in Richmond, who were assisting VCU's counsel in handling the case. Given this justification, the court concludes these modest fees were incurred merely for the convenience of counsel, and will sustain the plaintiff's objections to the costs. See Simmons v. O'Malley, 235 F. Supp. 2d 442, 444 (D. Md. 2002) (holding that "[c]osts of exhibits obtained for counsel's own use" are not taxable).

### III. Conclusion

In accordance with the above stated reasons, the court will reduce VCU's bill of costs by $110.32, and will reduce Valley Health's bill of costs by $734.60. The remaining costs outlined in the defendants' bills of costs will be taxed against the plaintiff.

ENTER: This 31st day of October, 2012.

_____
Chief United States District Judge

5

Case 5:09-cv-00064-GEC-BWC   Document 157   Filed 10/31/12   Page 5 of 5   Pageid#: 3887